UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAKOTA LINTZ, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:22-cv-00329-JPH-MKK |
| C. HOLCOMB,<br>JOHN DOE, | ) |
|         Defendants. | ) |

**ORDER SCREENING THE COMPLAINT**

Dakota Lintz, a prisoner at Wabash Valley Correctional Facility, brings this civil rights lawsuit alleging exposure to black mold. Because Mr. Lintz is a prisoner, the Court must screen his complaint before directing service on the defendants. *See* 28 U.S.C. 1915A.

### I. SCREENING STANDARD

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

The complaint names Lieutenant C. Holcomb and Sanitation Supervisor John Doe as defendants. Dkt. 1 at 1. Mr. Lintz is seeking compensatory damages, punitive damages, and injunctive relief. *Id.* at 11-12.

Mr. Lintz is in solitary confinement at Wabash Valley Correctional Facility. *Id.* at 10. Over the last three years, he has been housed in twelve different cells, five of which contained black mold. *Id.* His exposure to black mold has caused several health problems, including difficulty breathing, phlegm, headaches, and nausea. *Id.* at 4-5. He has attempted to clean the mold himself without success. *Id.* at 3, 7-8.

Lt. Holcomb is the supervising authority in Mr. Lintz's solitary confinement unit. *Id.* at 5. He allegedly failed in his duties to walk the ranges and inspect cells. *Id.* at 5-6. In response to a grievance Mr. Lintz submitted about black mold in the vent of his cell, Lt. Holcomb responded, "The vent is in need of paint. I will submit a work order. Black mold was not detected by the safety hazard manager." *Id.* at 7. According to Mr. Lintz, this was a false statement, as no safety hazard manager ever came to his cell. *Id.*

Mr. Lintz has informed the sanitation department about black mold in his cells but has not received a response. *Id.* at 8.

### III. Discussion

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims that are Dismissed**

**1. John Doe**

Mr. Lintz's claims against Sanitation Supervisor John Doe are **DISMISSED** because suing unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (cleaned up)).

If during the course of discovery Mr. Lintz learns the identity of this John Doe defendant, or if he learns the identities of other individuals whom he believes have violated his constitutional rights with respect to black mold in his cells, he may seek leave to file an amended complaint that names those additional defendants.

**2. Due Process**

In the complaint, Mr. Lintz alleges "Fourteenth [A]mendment violations: Due Process." Dkt. 1 at 2. It is not clear whether Mr. Lintz seeks to present Eighth Amendment claims only, as incorporated against the States by the Fourteenth Amendment Due Process Clause, or whether he seeks to bring an independent due process claim based on loss of liberty or a lack of fair procedure.

3

*See Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990) (explaining that the Fourteenth Amendment Due Process Clause provides "three separate constitutional protections that may serve as the basis for a section 1983 claim": first, "the Clause incorporates specific provisions defined in the Bill of Rights"; second, the Clause "bars certain arbitrary, wrongful government action 'regardless of the fairness of the procedures used to implement them'"; and third, the Clause prohibits the deprivation of life, liberty, or property without adequate procedural due process) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

In any event, the complaint does not create a reasonable inference that Mr. Lintz experienced arbitrary, wrongful government conduct or a violation of procedural due process. To the extent Mr. Lintz seeks to bring independent due process claims, apart from his Eighth Amendment conditions of confinement claims, those claims are **DISMISSED**.

### B. Claims that Shall Proceed

Mr. Lintz's Eighth Amendment conditions of confinement claims **SHALL PROCEED** against Lt. Holcomb. His damages claim shall proceed against Lt. Holcomb in his individual capacity, and his injunctive relief claim shall proceed against Lt. Holcomb in his official capacity. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

This summary includes all viable claims identified by the Court. If Mr. Lintz believes the complaint includes additional viable claims, he may file a notice identifying those claims within **21 DAYS OF THE ISSUANCE OF THIS ORDER**.

## IV. Service of Process

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Lieutenant C. Holcomb in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **CLERK IS DIRECTED** to serve the Lieutenant Holcomb electronically.

The **CLERK IS DIRECTED** to terminate John Doe as a defendant on the docket.

**SO ORDERED**.

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAKOTA LINTZ
261904
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to the following IDOC Employee at Wabash Valley Correctional Facility:
   Lieutenant. C. Holcomb